UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYREESE STEWART, | : |
| Plaintiff, | : Civ. No. 13-5061 (KM) (MCA) |
| v. | : **OPINION** |
| JEFF TIERNEY, et al., | : |
| Defendants. | : |

<u>**KEVIN MCNULTY, U.S.D.J.**</u>

## I. INTRODUCTION

Plaintiff, Tyreese Stewart, is a pretrial detainee currently detained at the Middlesex County Adult Correction Center in New Brunswick, New Jersey. He is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. Mr. Stewart's application to proceed *in forma pauperis* will be granted based on the information provided therein.

The Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. Upon completing this screening, the Court will permit the complaint to proceed in part.

## II. BACKGROUND

The allegations of the complaint are accepted as true for purposes of screening the complaint. Mr. Stewart names three Defendants in this case; (1) Detective Jeff Tierney; (2) Detective Theodore Hamer; and (3) Detective Frank Varga. All are members of the Edison Police Department.

1

On June 13, 2013, Mr. Stewart was driving his car in Edison, New Jersey. Officers cut in front of his vehicle and Stewart was ordered to get out of the vehicle. He was arrested in connection with a shooting of a woman that took place on May 30, 2013. He states in the complaint that he did not resist arrest.

Stewart states that Defendant Tierney used excessive force during the arrest by hitting him while he was already restrained. Stewart states that he was beaten, punched, and kneed in the face and head during the arrest.

Defendant Varga held him down while other officers beat, punched, and kneed him in the head and face.

Stewart states that Defendant Hamer flung him from his vehicle with excessive force which caused other officers to respond. Stewart further claims that Hamer failed to order other police officers to stop assaulting him.

### III.   STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

        declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

### IV.   DISCUSSION

A. <u>Excessive Force</u>

      Claims that law enforcement officers used excessive force in making an arrest are analyzed under the Fourth Amendment's reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." *Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999) (citation omitted). The inquiry is an objective one: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citations omitted). "'[T]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Estate of Smith v. Marasco*, 318 F.3d 497, 515 (3d Cir. 2003) (quoting *Graham*, 490 U.S. at 396-97). "Factors to consider in making a determination of reasonableness include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Kopec v. Tate*, 361 F.3d 772, 776-77 (3d Cir. 2004) (citing *Graham*, 490 U.S. at 396).

Assuming Mr. Stewart's allegations to be true, as I must at this stage, I find that he has alleged an excessive force claim against Defendants Tierney, Hamer and Varga. He states that he offered no resistance during the course of the arrest, yet he was beaten, punched, and kneed in the head and face, which caused him injuries. The excessive force claim against these three Defendants will be permitted to proceed.

B. <u>Failure to Intervene</u>

The complaint also alleges that Defendant Hamer "did not order other police officers to halt and stop [the] assault." (Dkt. No. 1 at p. 4.) Under some circumstances, an officer's failure to intervene may give rise to a claim:

> Courts have held that a police officer has a duty to take reasonable steps to protect a victim from another officer's use of excessive force, even if the excessive force is employed by a superior. "If a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983." *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986); *accord Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981); *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972). However, an officer is only liable if there is a realistic and reasonable opportunity to intervene.

*Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002) (citations omitted).

In this case, however, Mr. Stewart has failed to state a failure to intervene claim against Hamer. Indeed, while he alleges that Hamer failed to order other police officers to halt and stop the assault, the complaint fails to allege that Hamer had a realistic and reasonable opportunity to stop the assault. *See Okey v. Strebig*, 531 F. App'x 212, 215 (3d Cir. 2013) (per curiam) ("Okey's failure to intervene claim also fails because the amended complaint does not allege that Strebig failed or refused to intervene during the assault *when there was a realistic and reasonable opportunity to do so*.") (emphasis added) (citations omitted). Accordingly, Mr.

Stewart's failure to intervene claim against Hamer will be dismissed. This dismissal, however, is without prejudice to the filing of an amended complaint.

### C. Request for Appointment of Counsel

Mr. Stewart has also filed a request for the appointment of counsel. Indigent persons raising civil rights claims have no absolute Constitutional right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See Tabron v. Grace*, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993); *see also Cuevas v. United States*, 422 Fed. Appx. 142, 144-45 (3d Cir. 2011) (per curiam) (reiterating the *Tabron* factors).

Analyzing these factors, the Court will deny plaintiff's request for the appointment of counsel. The complaint has now been screened, but it is still difficult to analyze the *Tabron* factors at this early stage. *See Miller v. New Jersey Dep't of Corr.*, Civ. No. 08-3335, 2009 WL 482379, at *15 (D.N.J. Feb. 25, 2009) (citing *Chatterjee v. Phila. Federation of Teachers*, Civ. Nos. 99-4122, 99-4233, 2000 WL 1022979 (E.D. Pa. July 18, 2000)). The complaint is clearly laid out and easy to follow, indicating that Mr. Stewart may possess the ability to present his own case. The claims are not overly complex. The motion for appointment of counsel is therefore denied, albeit without prejudice to a reapplication in light of the facts as they develop.

## V. CONCLUSION

Mr. Stewart's excessive force claim against Defendants Tierney, Hamer and Varga will be permitted to proceed. Mr. Stewart's failure to intervene claim against Defendant Hamer will be dismissed without prejudice for failure to state a claim. An appropriate order will be entered.

DATED: February 20, 2014

_____
KEVIN MCNULTY
United States District Judge